UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re

STUDENT AID CENTER, INC.,

Debtor.
_____/

Case No. 16-11759-BKC-LMI
Chapter 7

# RECORD OWNERS AND TARGETS, DAMIEN ALVAREZ AND RAMIRO FERNANDEZ-MORIS, AND TARGET MICHAEL IBAR'S MOTION FOR PROTECTIVE ORDER

Record Owners and Targets, Damien Alvarez and Ramiro Fernandez-Moris, and Target, Michael Ibar, move this Court for the entry of a Protective Order with respect to the 18 separate Rule 2004 examinations scheduled by the Trustee, and state:

## PRELIMINARY STATEMENT

1. Approximately three years ago, Student Aid Center embarked on an ambitious journey with one goal: to help Americans with mounting student loan debt navigate confusing government relief programs and hostile loan servicers and to help them qualify for programs that could reduce or eliminate their debt during a period when students are faced with a weak job market and limited opportunities. And the company did just that.

2. Student Aid Center assisted students with applications and other paperwork required by the Department of Education in order to be considered for programs that would allow students to consolidate their loans (and reduce monthly payments) and/or, in certain instances, obtain approval for loan forgiveness programs. Not surprisingly, as a service provider, Student Aid Center promoted its services and charged a fee for those services. In doing so, the company became a thriving business and

allowed students to qualify for programs that provided them at least $6.5 million in student loan debt relief.

3. Despite the benefits conferred, its record of satisfied customers, and its successful business model, Student Aid Center faced challenges as regulators sought to disrupt their business operations and put them out of business. In short, these regulators sought to force Student Aid Center to work as a debt relief agency. Student Aid Center believed that they are not a debt relief agency because they were powerless to negotiate a reduction in any student loan debt. But the requirements of such regulations would make it impossible to operate their business.

4. Faced with threatened and pending litigation, Student Aid Center sought this Court's protection, filing its voluntary petition on February 8, 2016 to quell litigation and preserve its assets for distribution to creditors. In fact, as of the Petition Date, its scheduled assets of $639,000 exceeded its liabilities of $433,000, such that Student Aid Center had sufficient funds available for distribution to creditors holding allowed claims *and* distribution to its equity holders.[1]

5. Notwithstanding the availability of funds for distribution to creditors, the Trustee is launching every missile possible against the Debtor's principals and other related third-parties and beginning an all-out brawl before determining the creditor body in this case. Indeed, the Trustee has launched oppressive and expense discovery, scheduling 18 separate examinations of the Debtor's principals, their relatives, and the corporate representatives of companies owned by relatives of the Debtor's principals – with all of the examinations to occur before the deadline to file claims has lapsed and before the creditor body as a whole has been determined. Worse, all of the examinations were unilaterally scheduled without the professional courtesy of coordinating mutually convenient dates with counsel or any discussion whatsoever with undersigned counsel for the Debtor's principals.

---

[1] Notably, the Trustee has filed a Motion seeking this Court's approval of a settlement with the Minnesota Attorney General. Despite the fact that no liability has been established, the Settlement is significantly worse than proposed pre-petition settlement negotiated by the Debtor.



6. Because the Trustee, creditors, and interested parties should desire to efficiently administer the estate, Messrs. Alvarez, Fernandez-Moris, and Ibar believe that scheduling of 18 separate examinations is premature. In fact, going forward with the examinations at this stage will provide no benefit to the estate or its creditors whatsoever. Instead, it will do nothing more than increase the costs associated with administration of the estate benefitting only the professionals retained by the Trustee and reduce the funds available for distribution to creditors.

7. Accordingly, Messrs. Alvarez, Fernandez-Moris, and Ibar seek this Court's protection against this oppressive discovery and respectfully request entry of an Order protecting them and all persons identified in the Omnibus Notice from the undue burden and expense of appearing for examinations and/or producing documents to the Trustee until such time as it becomes appropriate and necessary, if at all, or at least until the deadline to file claims has lapsed.

8. In light of the "scorched earth" strategy being employed by the Trustee, Messrs. Alvarez, Fernandez-Moris, and Ibar are simultaneously seeking to dismiss this chapter 7 case to avoid further unnecessary administrative expenses and to preserve Student Aid Center's assets for distribution to creditors. Those funds would be far better in the hands of creditors instead of professionals.

**BACKGROUND**

9. On February 8, 2016 (the "**Petition Date**"), the Debtor filed its voluntary petition under Chapter 7 of title 11 of the United States Code. The Debtor filed its Schedules and Statements (ECF No. 30) on March 11, 2016, reflecting assets of $639,000 and liabilities of $433,000, such that the estate had sufficient funds available for distribution to creditors holding allowed claims *and* distribution to its equity holders as of the Petition Date.

10. Maria M. Yip is the duly appointed Chapter 7 Trustee in this case.

Salazar Jackson, LLP                    www.SalazarJackson.com

11. The deadline for all creditors (except governmental units) to file proofs of claim is June 13, 2016. The deadline for governmental units to file claims is August 6, 2016. To date, the claims register maintained by the Clerk of Court reflects unsecured non-priority claims of approximately $47,000.

12. On March 28, 2016, the Trustee filed her Omnibus Notice of Rule 2004 Examinations *Duces Tecum* ("**Omnibus Notice**") (ECF No. 40), scheduling at least 17 examinations of the Debtor's principals, their relatives, and the corporate representatives of companies owned by relatives of the Debtor's principals, beginning the week of May 2, 2016. The Omnibus Notice also set the examination of the Debtor's pre-petition counsel, Sanchez-Medina, Gonzalez, Quesada, *et al.* d/b/a SMGQ Law.

13. Further, the Omnibus Notice requests each of the 18 witnesses to produce documents as follows:

- Documents related to payments or Transfers from the Debtor to [party/entity to whom the Notice is directed] from January 1, 2012 to the Petition Date, including those listed on the Debtor's bankruptcy schedules in the Bankruptcy Case. *See* ECF No. 30 in the Bankruptcy Case.

- Communications between [party/entity to whom the Notice is directed] and the Debtor relating to Transfers.

- Any written agreement between [party/entity to whom the Notice is directed] and the Debtor.

- Communications between [party/entity to whom the Notice is directed] and the Debtor related to any agreement with the Debtor.

- Documents related to the hours or time that [party/entity to whom the Notice is directed] worked or the services provided for the Debtor, including bills.

- Documents related to expense reimbursements from the Debtor.

- Documents related to loans with the Debtor.

- [For businesses], a printout of [party/entity to whom the Notice is directed] website during the time [services] were allegedly provided to the Debtor.

4



14. Indeed, by way of the Omnibus Notice and Document Request, the Trustee has engaged in a strategy that will serve no purpose other than to deplete the estate's assets and reduce the funds available for distribution to creditors holding allowed claims. This is particularly true given that the Debtor's scheduled assets of $639,000 exceed its liabilities of $433,000.

15. Moreover, the 341 Meeting of Creditors was conducted and concluded on March 14, 2016. At that time, the Trustee, her counsel, and counsel for at least three creditors were afforded the opportunity to question the Debtor's corporate representative, Ramiro Fernandez-Moris, at length. In fact, Mr. Fernandez-Moris was asked a series of questions directed to and for the purpose of soliciting information with respect to the same subject matters set forth in the Omnibus Notice and Document Request. Thus, much of the information sought by the Trustee was already provided during the 45 minute question and answer session at the 341 Meeting.

16. That being so, Messrs. Alvarez, Fernandez-Moris, and Ibar believe that scheduling of examinations of the Debtor's principals, their relatives, and the corporate representatives of companies owned by relatives of the Debtor's principals will provide no benefit to the estate or its creditors whatsoever.

## **RELIEF REQUESTED**

17. By this Motion, Messrs. Alvarez, Fernandez-Moris, and Ibar seek this Court's protection against this oppressive and expensive discovery and respectfully request entry of an Order protecting them and all persons identified in the Omnibus Notice from the undue burden and expense of appearing for examinations and/or producing documents to the Trustee until such time as it becomes appropriate and necessary, if at all, or at least until the deadline to file claims has lapsed.

18. The Trustee has embarked on a "scorched earth" strategy in an effort to harass and overwhelm the Debtor's principals, their relatives, and the corporate

representatives of companies owned by relatives of the Debtor's principals – all at the expense of the Debtor's creditors and equity holders.

19. Messrs. Alvarez, Fernandez-Moris, and Ibar recognize that "the general rule is that the scope of a Rule 2004 examination is very broad and great latitude of inquiry is ordinarily permitted." *Matter of Wilcher,* 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985). But the purposes for which Rule 2004 examinations may be conducted are not limitless. The plain language of the rule itself limits Rule 2004 discovery to matters relating "only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b).

20. In fact, the general purpose of Rule 2004 is to enable parties in interest to locate the debtor's assets and to **make those assets available for the creditors of the estate**, and an examination under Rule 2004 is limited by this purpose. *In re Continental Forge Co., Inc.,* 73 B.R. 1005, 1007 (Bankr. W.D. Pa. 1987) (emphasis added). Courts have held that an examination of a witness under Rule 2004 as to matters having no relationship to the debtor's affairs or no effect on the administration of the estate is improper. *Wilcher,* 56 B.R. at 433; *In re Johns-Manville Corp.,* 42 B.R. 362, 364 (S.D.N.Y. 1984). *See In re Levinstein,* No. 08-24618-BKC-LMI, 2009 WL412992, at *1 (Bankr. S.D. Fla. Feb. 18, 2009) (holding that courts may limit, condition, or forbid Rule 2004 discovery where its use is improper).

21. Here, going forward with the examinations will provide no benefit to the estate or its creditors at this point and will do nothing more than increase the costs associated with administration of the estate and reduce the funds available for distribution to creditors. Therefore, protecting Messrs. Alvarez, Fernandez-Moris, and Ibar and all persons identified in the Omnibus Notice from the undue burden and expense of appearing for examinations and/or producing documents to the Trustee until such time as it becomes appropriate and necessary, if at all, or at least until the deadline to file claims has lapsed is warranted.

22. Before filing this Motion, undersigned counsel attempted to confer with Trustee's counsel to resolve the issues presented herein and, despite this good faith attempt, the Trustee's counsel has failed to respond to communications directed to his attention, thereby requiring the filing of this Motion and this Court's intervention.

## CONCLUSION

**WHEREFORE**, Messrs. Alvarez, Fernandez-Moris, and Ibar respectfully request that the Court enter an Order (i) granting this Motion; (ii) protecting Messrs. Alvarez, Fernandez-Moris, and Ibar and all persons identified in the Omnibus Notice from the undue burden and expense of appearing for examinations and/or producing documents to the Trustee until such time as it becomes appropriate and necessary, if at all, or at least until the deadline to file claims has lapsed; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: April 22, 2016

Respectfully submitted,

**SALAZAR JACKSON, LLP**
*Counsel for Damien Alvarez, Ramiro Fernandez-Moris, and Michael Ibar*
2000 Ponce De Leon Boulevard
Penthouse
Coral Gables, FL 33134
Telephone: (305) 374-4848
Facsimile:  (305) 397-1021
Email:  Salazar@SalazarJackson.com

By:  /s/  Luis Salazar
      Luis Salazar
      Florida Bar No. 147788

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day via transmission of Notices of Electronic Filing generated by CM/ECF on those parties who are registered to receive notices electronically in this case.

           /s/  Luis Salazar
           Luis Salazar

## **SERVICE LIST**

**Electronic Mail Notice List**

Ashley J Dillman Bruce on behalf of Trustee Maria Yip
adbruce@bergersingerman.com,
efile@bergersingerman.com;vbarthelemy@bergersingerman.com;efile@ecf.inforuptcy.com

Michael A Friedman on behalf of Creditor ACH Solutions, Inc.
mfriedman@gjb-law.com, gjbecf@gjb-law.com

Isaac M Marcushamer, Esq. on behalf of Trustee Maria Yip
imarcushamer@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Steven H Meyer, Esq on behalf of Creditor KT 2500, LLC
stevenm820@aol.com, ross.barna@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Luis Salazar, Esq. on behalf of Debtor Student Aid Center, Inc.
salazar@salazarjackson.com,
jackson@salazarjackson.com;dagley@salazarjackson.com;cloyd@salazarjackson.com;aguilar@salazarjackson.com;davila@salazarjackson.com;lee-sin@salazarjackson.com;pacetti@salazarjackson.com

Maria Yip
trustee@yipcpa.com, myip@ecf.epiqsystems.com

Salazar Jackson, LLP    S | J    www.SalazarJackson.com