UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

STUDENT AID CENTER, INC.,                           Case No. 16-11759-BKC-LMI
                                                    Chapter 7

                    Debtor.

_____/

**TRUSTEE'S *EXPEDITED* MOTION TO APPROVE
NOTICE PROCEDURES FOR POTENTIAL CLAIMANTS AND TO LIMIT NOTICE**

---

***Expedited Hearing Requested***

**The bar date is currently set for June 13, 2016. In order to maximize the time for Former Customers to file a proof of claim, the Trustee requests that the Court consider this Motion on an expedited basis.**

---

Maria M. Yip, the duly appointed Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Student Aid Center, Inc. (the "Debtor") moves for the Court's approval of the Trustee's proposed method and manner of providing notice to potential claimants who may have not been notified of this bankruptcy case, and also to limit notice once those potential claimants have been notified, and in support, the Trustee states as follows:

**Background**

1.      On February 8, 2016, (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition under Chapter 7 of the United States Code.

2.      On February 8, 2016, Maria M. Yip was appointed as the Chapter 7 Trustee of the Debtor's estate.

3.      As of the Petition Date, the Debtor's Matrix listed 119 creditors.  However, upon information and belief, none of the Debtor's customers were listed as creditors and none have received official notice of this bankruptcy case.  A review of internet message boards confirms

that certain of the Debtor's clients have questioned the whereabouts of the Debtor, post-petition.[1]

4.     The Trustee has located a list of the Debtor's customers and potential customers which contains approximately 1.2 million names.   Of that list, the Trustee believes that approximately 86,000 parties paid the Debtor for services ("Former Customers").[2]

5.     The Trustee's investigation has shown that the Debtor typically charged customers $99 to $3,200.

6.     By this Motion, the Trustee proposes to give notice to the Former Customers in the manor and method explained below.  Once notified, the Former Customers would be able to inquire as to the status of this bankruptcy case and file a proof of claim, should such action be appropriate.   The Trustee then proposes to limit notice to Former Customers given their potentially small claim amounts and the substantial and disproportionate expenses associated with mailing future motions, applications and papers to more than 86,000 Former Customers.

## AUTHORITY

Bankruptcy Rule 2002(m) authorizes the Court to provide for special notice procedures. Bankruptcy Rule 2002(m) provides in pertinent part:

> The court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules.

Fed. R. Bankr. P. 2002(m).   Similarly, Bankruptcy Rule 9007 specifically grants the Court general authority to regulate notice:

> When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given. When feasible, the court may order any notices under these rules to be combined.

---

1. *See* http://www.yellowpages.com/doral-fl/mip/student-aid-center-480265990

2 This number includes the customers in Minnesota that may be subject to the Trustee's Motion to Compromise Controversy with the Minnesota Attorney General [ECF No. 46].

2

Fed. R. Bankr. P. 9007.  Finally, § 105(a) of the Bankruptcy Code authorizes the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).

## COURT APPROVAL OF NOTICE PROCEDURES

The Trustee had identified 86,000 Former Customers.  A visit to the Better Business Bureau website confirms that there are hundreds of Potential Claimants who many not have received notice of this bankruptcy case.[3]  These Former Customers appear to be seeking refunds of amounts paid to the Debtor.  *See id.* at 4/28/2016 "Problems with Product/Service" (seeking repayment); 4/21/2016 "Billing/Collection Issues" ("[j]ust need my money back for the money spent on the forgiveness"); 4/15/2016 "Problems with Product/Service" ("seeking a full refund of $199 for 5 months from September 18, 2015 - January 18, 2016 in the total amount of $995.00").

A majority of those Former Customers are believed to have emails addresses.  The Trustee proposes to notify these Former Customers by sending out an email directing them to the Trustee's website that was specially developed for this case, where they can get information about the bankruptcy case and file a proof of claim.  The proposed email is attached hereto as **Exhibit A**.

## COURT APPROVAL OF LIMITING NOTICE

Mailing of notices of each pleading filed in this case to all Former Customers would be impractical and would impose an enormous administrative and economic burden on Debtor's estate.  There are currently more than 86,000 Former Customers that the Trustee has identified in this case.  Given the number of Former Customers in this case and the limited resources

---

3.  *See*   http://www.bbb.org/south-east-florida/business-reviews/student-loan-consolidation/student-aid-center-in-doral-fl-90084328/complaints

3

available to the Trustee, and the relatively small claim amounts, the Trustee seeks a Court order limiting notice of all future motions and papers that will be filed in the main bankruptcy case to: (a) parties that receive notice via the Court's electronic noticing system; and (b) any party that will be directly affected by the relief requested in the motion, application or other paper. Moreover, the Trustee will provide notice for all settlements in excess of $100,000 to all parties, including Former Customers by email.   Absent the requested relief, the Trustee will be required to expend substantial and disproportionate sums in copying costs, postage charges, and other handling expenses associated with mailing future motions, applications and papers to more than 86,000 Former Customers.

The establishment of the above limited notice procedures are in the best interest of Debtor's estate for the reason that notice to all creditors would impose an enormous administrative and economic burden on Debtor's estate.  The adoption of the proposed limited notice procedures is necessary and appropriate to ensure adequate representation of the interests of the holders of claims and interests generally in the course of this case.  The Trustee, therefore, requests the Court enter an order limiting notice of future matters, as requested herein.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order in the form attached hereto (a) granting this Motion; (b) approving the notice procedures outlined above; (c) limiting notice as set forth herein; and (c) granting such other relief as the Court deems just and proper.

4

Dated:   May 11, 2016                    Respectfully submitted,

                                         BERGER SINGERMAN LLP
                                         *Counsel for the Trustee*
                                         1450 Brickell Avenue, Suite 1900
                                         Miami, FL 33131
                                         Telephone: (305) 755-9500
                                         Facsimile: (305) 714-4340


                                         By: */s/ Isaac M. Marcushamer*
                                                 Isaac M. Marcushamer
                                                 Florida Bar No. 60373
                                                 imarcushamer@bergersingerman.com
                                                 Ashley Dillman Bruce
                                                 Florida Bar No. 055718
                                                 adbruce@bergersingerman.com

### <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically on all CM/ECF subscribers identified on the Electronic Mail Notice List on this 11th day of May, 2016.


                                         */s/ Isaac M. Marcushamer*
                                             Isaac M. Marcushamer



**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Ashley J Dillman Bruce    adbruce@bergersingerman.com,
  efile@bergersingerman.com;jescobar@bergersingerman.com;efile@ecf.inforuptcy.com
- Michael A Friedman    mfriedman@gjb-law.com, gjbecf@gjb-law.com
- Isaac M Marcushamer    imarcushamer@bergersingerman.com,
  fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com
- Steven H Meyer    stevenm820@aol.com, ross.barna@gmail.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Luis Salazar    salazar@salazarjackson.com,
  jackson@salazarjackson.com;dagley@salazarjackson.com;cloyd@salazarjackson.com;aguilar@salazarjackson.com;davila@salazarjackson.com;lee-sin@salazarjackson.com;pacetti@salazarjackson.com
- Maria Yip    trustee@yipcpa.com, myip@ecf.epiqsystems.com

5

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

STUDENT AID CENTER, INC.,                       Case No. 16-11759-BKC-LMI
                                        Chapter 7

                Debtor.

_____/

**ORDER GRANTING TRUSTEE'S EXPEDITED MOTION TO APPROVE
NOTICE PROCEDURES FOR POTENTIAL CLAIMANTS AND TO LIMIT NOTICE**

**THIS MATTER** came before the Court for an expedited hearing on _____, 2016 on the Trustee's Motion for the Court's approval of the Trustee's proposed method and manner of providing notice to Former Customers who have not been notified of this bankruptcy case, and also to limit notice once those Former Customers have been notified ("Motion") [ECF No. __], and the Court, having reviewed the Motion and case file,

**ORDERS** as follows:

1.        The Motion is **GRANTED**.

2.        The notice procedures proposed by the Trustee are **APPROVED**.  The Trustee is authorized to give notice of this bankruptcy case by email to those Former Customers identified in the Motion.

3.        The Court **APPROVES** the Trustee's request to limit notice to the Former

6

Customers once they are notified of this bankruptcy case.  The Court specifically finds that mailing of notices of each pleading filed in this case to all Former Customers would be impractical and would impose an enormous administrative and economic burden on Debtor's estate.  Given the number of Former Customers in this case and the limited resources available to the Trustee, the Court limits notice of all future motions and papers that are filed in the main bankruptcy case to: (a) parties that already receive notice via the Court's electronic noticing system; and (b) any party that will be directly affected by the relief requested in the motion, application or other paper.  The Trustee shall provide notice for all settlements in excess of $100,000 to all parties, including Former Customers by email.

###

Submitted by:
Isaac M. Marcushamer, Esq.
Berger Singerman LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Tel. (305) 755-9500
Fax (305) 714-4340
E-mail:  imarcushamer@bergersingerman.com

Copy furnished to:
Isaac M. Marcushamer, Esq.
*(Attorney Marcushamer is directed to serve a signed copy of this Order upon all interested parties, and to file a Certificate of Service with the Court).*

7

**Exhibit A**
Notice to Potential Claimants

Dear Potential Claimant,

We represent, Maria M. Yip (the "Trustee"), in her capacity as Chapter 7 Trustee for Student Aid Center Inc. (the "Debtor") in the bankruptcy case of *In re Student Aid Center, Inc*., Case No. 16-11759-BKC-LMI (the "Case") commenced on February 8, 2016 (the "Petition Date") and currently pending in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"). You have been identified by the Trustee as someone who may have paid the Debtor for services (i.e., a "Former Customer"). This email is to notify you of the Case and give you information about how to file a claim in the Case.

Additional information, including the steps for filing a claim, can be found at http://www.studentaidcenters.info/ . You must file a proof of claim if you wish to receive any compensation from the bankruptcy of Student Aid Center. Directions on how to file a proof of claim are found at http://www.studentaidcenters.info/. The proof of claim and supporting documents must be mailed to the following address and received by no later than June 13, 2016 (the "Bar Date"):

C. Clyde Atkins United States Courthouse
U.S. Bankruptcy Court for the Southern District of Florida
301 North Miami Avenue, Room 150
Miami, Florida 33128

Should you have additional questions about filling out the proof of claim form or about the bankruptcy process, please visit the following website http://www.studentaidcenters.info/

8