UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

STUDENT AID CENTER, INC.,

    Debtor.

_____ /

Case No. 16-11759-BKC-LMI
Chapter 7

## DEBTOR'S OBJECTION AND RESPONSE IN OPPOSITION TO TRUSTEE'S *EXPEDITED* MOTION TO APPROVE NOTICE PROCEDURES FOR POTENTIAL CLAIMANTS AND TO LIMIT NOTICE

### [HEARING SCHEDULED: MAY 25, 2016 AT 10:00 A.M.]

Debtor, Student Aid Center, Inc. ("**Debtor**" or "**Student Aid Center**"), objects and files this response in opposition to the Trustee's *Expedited Motion to Approve Notice Procedures for Potential Claimants and to Limit Notice* ("**Notice Procedures Motion**") (ECF No. 53), and states:

### PRELIMINARY STATEMENT

1.    By way of the Notice Procedures Motion, the Trustee invites this Court to approve procedures requiring that notice of this bankruptcy proceeding be provided to 86,000 former Student Aid Center's customers *merely* because they conducted business with the Debtor. In seeking approval of the proposed notice procedures, the Trustee concedes that the impetus to notify these 86,000 former customers is based on nothing more than speculation and conjecture formed from a "review of internet message boards" showing that certain former customers have "*questioned* the whereabouts of the Debtor, post-petition," the belief that "approximately 86,000 parties paid the Debtor for services," and a "visit to the Better Business Bureau website confirms that there are hundreds of potential claimants who may not have received notice . . . and appear to be seeking refunds of amounts paid to the Debtor." *Notice Procedures Motion* at p. 2-3. (Emphasis added). These sources hardly qualify as reliable sources of due diligence, and, upon further

examination, most of these postings are stale or not attributable to customers at all. And even if considered as a whole, all these posters combined amount to less than .005% of all former customers proposed to be served.

2.      The Trustee's Notices Procedures Motion should be denied because it fails to establish cause, would dramatically increase administrative costs, and create havoc among former customers.  The Debtor is required to make reasonably diligent efforts to review its books and records and to discover the identities of those persons or entities who may have claims against the estate and is required to provide formal notice of this bankruptcy proceeding and the deadline for filing proofs of claim to those known creditors. The Debtor is not required to seek out each former customer and urge them to assert a claim against the estate.  *See Charter Crude Oil Co. v. Petroleos Mexicanos (In re the Charter Co.*), 125 B.R. 650, 655 (M.D. Fla. 1991).

3.      Here, there is no basis to notice 86,000 former customers because the Debtor either fully performed all duties and obligations under the terms and conditions of its customer contracts *or* refunded fees paid by customers if those customers timely rescinded their respective contracts.  There is nothing in the Debtor's books and records showing that 86,000 former customers may assert claims against the bankruptcy estate (other than those former customers involved in threatened or pending litigation who have already received formal notice.  Moreover, in attempting to demonstrate the need for notice on the 86,000 former customers, the Trustee glosses over the fact that the costs associated with the administration of this bankruptcy estate would dramatically increase should this Court approve and direct that notice be served on the proposed list of customers.  To cite but a few examples, the Trustee or her counsel would be required to field and respond to incoming calls, monitor and respond to electronic communications and other correspondence from the proposed customers to be served.  All without any reliable sources as to the due diligence conducted to justify providing notice to those 86,000 former customers.

4.      Further, in seeking approval of the proposed notice procedures, the Trustee has provided no basis for this Court to deviate from the standard form *Notice of Chapter 7*

*Bankruptcy Case–Proof of Claim Deadline Set* in favor of a non-form email from counsel, should the Court determine that notice to the 86,000 former customers or any portion thereof is appropriate. This is particularly true in light of the fact that the standard form provides case information and instructions with respect to the filing of proofs of claim and the claims bar date.

5.     Accordingly, the Trustee's proposed noticing procedures cannot be approved and therefore the Notice Procedures Motion must be denied.

## BACKGROUND

6.     **Bankruptcy Case.**  On February 8, 2016, the Debtor filed its voluntary petition under Chapter 7 of title 11 of the United States Code. The deadline for all creditors (except governmental units) to file proofs of claim is June 13, 2016. The deadline for governmental units to file claims is August 6, 2016.

7.     **Debtor's Business and Known Creditors.**  Like any other profitable service-based company, Student Aid Center created a successful business model: *provide quality service to students seeking to consolidate their loans (and reduce monthly payments) and/or to obtain approval for loan forgiveness programs in exchange for a reasonable fee.* As part of its successful business model, Student Aid Center entered into contracts and/or agreements with former customers with respect to the student loan services to be rendered. Among other things, those contracts provided for monthly service charges and included refund policies that allowed customers to request rescission or cancellation of their respective service contracts and to request full refunds. A true and correct copy of the standard Terms & Conditions is attached hereto as **Exhibit "A."**

8.     In fact, the Debtor either fully performed all duties and obligations under the terms and conditions of its customer contracts or the refund policies were implemented, such that customers who elected to cancel services received a full refund.

9.     **Debtor's Reasonably Diligent Efforts to Identify Creditors and Claims.** In preparing for the filing of this corporate chapter 7 case, Student Aid Center made diligent inquiry to determine and identify creditors and claims to be included in the

3

Creditor Matrix upon the initial filing as well as its subsequently filed Schedules and Statements to provide formal notice of the bankruptcy filing and the deadline for filing proofs of claim to those creditors.  In doing so, the Debtor complied with notice requirements to identify those persons and/or entities who asserted or may assert claims against the estate in that it (i) reviewed its books and records including, without limitation, data with respect to former customers' accounts; and (ii) reviewed documents relating to threatened and pending litigation including, without limitation, private actions, and regulatory compliance matters and investigations launched by Attorney Generals of certain states and commonwealths as well as the Federal Trade Commission.  Based on that review, the names and addresses of all known creditors were provided to counsel and the Creditor Matrix was submitted to the Court through the CM/ECF Creditor Maintenance portal.  The Creditor Matrix was amended on March 14, 2016 to reflect known creditors to be added and addresses to be corrected (ECF No. 32).

10.     **Formal Notice to Known Creditors.**  On February 11, 2016, the Clerk of Court mailed the *Notice of Chapter 7 Bankruptcy Case – Proof of Claim Deadline Set* ("**341 Notice**") (ECF No. 5) to creditors identified in the Creditor Matrix, as reflected in the *Certificate of Mailing* (ECF No. 8) docketed in this case.  On March 14, 2016, the Debtor filed its *Notice of Compliance with Requirements for Amended Creditor Information* ("**Compliance Certificate**") (ECF No. 32) and provided notice to the affected parties, including service by mail of the 341 Notice and the Compliance Certificate as required under Local Rule 1009-1(D)(2) and reflected in the *Certificate of Service* (ECF No. 34) filed with the Court, pursuant to Local Rule 2002-1(F).  Accordingly, the Debtor has provided formal notice of this bankruptcy proceeding and the deadline for filing proofs of claim to all known creditors.

11.     **Trustee's Notice Procedures Motion.**  On May 11, 2016, the Trustee filed the Notice Procedures Motion seeking this Court's approval to provide formal notice of this bankruptcy proceeding to 86,000 of the Debtor's purported former customers by electronic transmission and directing those 86,000 former customers to a website created by the Trustee or her counsel to provide information with respect to the filing of claims,

including formal notice of the deadline for filing proofs of claim.  Thereafter, the Trustee seeks to limit notice of all future motions and papers to:  (i) parties that receive notice via the Court's electronic noticing system; and (ii) any party that will be directly affected by the relief requested in the motion, application, or other paper.  The Trustee also seeks approval to provide notice of all settlements in excess of $100,000 to all parties, including the Debtor's 86,000 former customers, by email.

12.     It is worth noting that the proposed *Notice to Potential Claimants* (attached as Exhibit "A" to the *proposed* Order on the Notice Procedures Motion) includes the website address ([www.studentaidcenters.info](www.studentaidcenters.info)) created by the Trustee and/or her counsel, advising former customers of the filing of the bankruptcy case and providing a link for those customers to file proofs of claim.  *That website is currently active, despite the fact that the Notice Procedures Motion has not been granted*.  Worse, the website fails to alert former customers that all filed proofs of claim become public record and fails to offer any privacy protection to former customers with respect to their personally identifiable information.  A preliminary review of claims filed in this case reveals that at least one former customer has filed a proof of claim that includes his personally identifiable information.

## ANALYSIS

**I.    THIS COURT SHOULD DENY THE NOTICE PROCEDURES MOTION BECAUSE THE TRUSTEE HAS FAILED TO DEMONSTRATE THAT THE FACTS AND CIRCUMSTANCES OF THIS CASE WARRANT SERVICE OF NOTICE ON THE 86,000 FORMER CUSTOMERS**

13.     In seeking approval of the proposed noticing procedures, the Trustee has not shown sufficient cause to warrant service of the notice of this bankruptcy proceeding on the Debtor's 86,000 former customers.  First, as the Trustee concedes, the proposed list of former customers is *merely* a list those customers who conducted business with the Debtor at some point in time.  Second, the proposed list is based on nothing more than speculation and conjecture formed from the review of internet message boards and purported customer complaints on the Better Business Bureau website.  *Notice Procedures Motion* at p. 2-3. These sources hardly qualify as reliable sources of due diligence, and, upon further

examination, most of those postings are stale or not attributable to customers at all.  And do not constitute sufficient cause to warrant service of formal notice on 86,000 former customers nor the disproportionate consumption of the estate's resources.

14.     As this Court is aware, the Minnesota Attorney General has filed a consumer protection action against Student Aid Center styled *State of Minnesota by its Attorney General, Lori Swanson v. Student Aid Center, Inc.*, Case No. 27-CV-15-11307, alleging that the Debtor violated Minnesota's Prevention of Consumer Fraud Act, Minn. Stat. § 325F.69, Uniform Deceptive Trade Practices Act, *id.* at § 325D.44, and Debt Settlement Services Act, *id.* at §§ 332B.02-.14.  The Complaint was amended on January 26, 2016.    In that action, the Minnesota Attorney General is seeking redress for approximately 800 customers or .008% of all the Debtor's customers.

15.     In fact, there is nothing in the Debtor's books and records showing that 86,000 former customers may assert claims against the bankruptcy estate (other than those former customers involved in threatened or pending litigation who have already received formal notice).  Even if it is later discovered that certain former customers may assert claims based on partial payment for services not provided or refunds not processed before the Petition Date, the former customers affected would be only a small fraction of the proposed 86,000 former customers to be served.  This is true and accounts for even the alleged hundreds of suddenly discovered posts on the Better Business Bureau website (or less than .005% of all proposed former customers to be served), that were in fact posted in 2013 – nearly three years ago.

16.     Further, the Trustee makes no showing and provides the Court no information as to the potential administrative costs that such service would create, including the cost of the email service and the potential deluge of inquiries from confused and concerned former customers.

17.     Simply put, the Trustee's proposed service is unsupported by any solid evidence or reasons, would dramatically increase administrative costs, and create havoc among customers.

## II.    BECAUSE STUDENT AID CENTER HAS COMPLIED WITH NOTICE REQUIREMENTS AND PROVIDED FORMAL NOTICE TO KNOWN CREDITORS, NO FURTHER NOTICE IS REQUIRED.

18.    By way of the Notice Procedures Motion, the Trustee seeks approval of procedures requiring formal notice of this bankruptcy proceeding be provided to 86,000 of the Debtor's former customers.  In doing so, the Trustee's proposed notice procedures require that formal notice be provided to *any conceivable creditor* – those who merely conducted business with the Debtor at some point in time, former customers who "question" the debtor's whereabouts, and former customers who may have submitted complaints to the Better Business Bureau (three years ago) – even if there is nothing in the Debtor's books and records showing that those former customers may assert claims against the bankruptcy estate (other than those former customers involved in threatened or pending litigation).

19.    The Debtor is required to make reasonably diligent efforts to review its books and records and to discover the identities of those persons or entities who may have claims against the estate and is required to provide formal notice of this bankruptcy proceeding and the deadline for filing proofs of claim to those known creditors.  *Charter Crude Oil Co. v. Petroleos Mexicanos (In re Charter Co.)*, 125 B.R. 650, 654 (M.D. Fla. 1991); *Tulsa Prof'l Collection Servs., Inc. v. Pope,* 485 U.S. 478, 490 (1988).  A "known" creditor is one whose identity is either known or "reasonably ascertainable by the debtor."  *Id.*; *Matter of GAC Corp.,* 681 F.2d 1295, 1300 (11th Cir. 1982).  A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts."  *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 798 n. 4 (1983

20.    The reasonable diligence required does not mean the debtor must undertake "impracticable and extended searches."  *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 317 (1950).  "Precedent demonstrates that what is required is not a vast, open-ended investigation."  *Chemetron Corp. v. Jones,* 72 F. 3d 341, 346 (3d Cir. 1995).  Instead, the typical search involves review of the "debtor's own books and records" for those "claimants who are identifiable through a diligent search."  *In re J.A. Jones, Inc.,* 492 F.3d

242, 250 (4th Cir. 2007) (quoting *Chemetron,* 72 F.3d at 347).  Although such a search should be "more than a cursory review," a debtor's "careful examination of its own books and records" will allow it to discover known creditors and claims.  *Id.* at 251 (quoting *In re Drexel Burnham Lambert Group Inc.,* 151 B.R. 674, 681 (Bankr. S.D.N.Y. 1993)).

21.    Applying these principles, Student Aid Center made diligent inquiry to determine and identify creditors to be included in the Creditor Matrix upon the initial filing of this bankruptcy proceeding and amended the Creditor Matrix upon the filing of its Schedules and Statements in order to provide formal notice of the bankruptcy filing and the deadline for filing proofs of claim to those creditors.  In doing so, the Debtor complied with notice requirements to identify those persons and/or entities who asserted or may assert claims against the estate in that it (i) reviewed its books and records including, without limitation, data with respect to former customers' accounts; and (ii) reviewed documents relating to threatened and pending litigation including, without limitation, private actions, and regulatory compliance matters and investigations launched by Attorney Generals of certain states and commonwealths as well as the Federal Trade Commission.

22.    Based on that review, the names and addresses of all known creditors were included in the Creditor Matrix submitted through the CM/ECF Creditor Maintenance portal on the Petition Date.  On February 11, 2016, the Clerk of Court mailed the 341 Notice, providing formal notice of the bankruptcy filing and the deadline for filing proofs of claim to all known creditors.  Thereafter, on March 14, 2016, the Debtor provided formal notice of the bankruptcy filing and the deadline for filing proofs of claim to creditors added to the Creditor Matrix after the initial filing of this case and to those creditors whose addresses were corrected after better addresses were discovered and identified (ECF No. 32).

23.    Here, there is no basis to notice 86,000 former customers because the Debtor either fully performed all duties and obligations under the terms and conditions of its customer contracts *or* refunded fees paid by customers if those customers timely rescinded their respective contracts, and there is nothing in the Debtor's books and records showing that former customers may assert claims against the bankruptcy estate (other than

those former customers involved in threatened or pending litigation who have already received formal notice). Accordingly, the Debtor has complied with notice requirements by providing formal notice to all *known creditors* and no further notice is required. *See Charter Crude Oil Co. v. Petroleos Mexicanos (In re the Charter Co.)*, 125 B.R. 650, 654 (M.D. Fla. 1991) (stating that the debtor is not required to search out each conceivable or possible creditor and urge that person or entity to make a claim against it).

### III. THERE IS NO BASIS FOR THIS COURT TO DEVIATE FROM STANDARD FORM OF NOTICE WITH RESPECT TO CASE FILING INFORMATION AND CLAIMS BAR DATE AND THEREFORE THE PROPOSED FORM SHOULD NOT BE APPROVED.

24.     In seeking approval of the proposed notice procedures, the Trustee has provided no basis for this Court to deviate from the standard form *Notice of Chapter 7 Bankruptcy Case–Proof of Claim Deadline Set* in favor of a non-form email from the Trustee or her counsel, should the Court determine that notice to the 86,000 former customers or any portion thereof is appropriate. This is particularly true in light of the fact that the standard form provides case information and instructions with respect to the filing of proofs of claim and the claims bar date. And the standard form has already been served on the current Creditor Matrix on file with the Court and is currently available on the active website created by the Trustee and/or her counsel: (www.studentaidcenters.info).

25.     In order to avoid any confusion among creditors and/or the filing of duplicative claims, the Debtor believes that the standard form should be served on the proposed 86,000 former customers or any portion thereof should this Court determine that such service is necessary and appropriate.

### IV. THE LESS THAN HALF OF ONE PERCENT OF THE PROPOSED 86,000 FORMER CUSTOMERS TO BE AFFECTED – IF AT ALL – DOES NOT WARRANT THE DRAMATIC INCREASE IN ADMINISTRATIVE COSTS AND THEREFORE THE PROPOSED NOTICING PROCEDURES SHOULD NOT BE APPROVED.

26.     Moreover, in attempting to demonstrate the need for notice on the 86,000 former customers, the Trustee glosses over the fact that the costs associated with the administration of this bankruptcy estate would dramatically increase should this Court approve and direct that notice be served on the proposed customers. To cite but a few

Salazar Jackson, LLP                              www.SalazarJackson.com

examples, the Trustee or her counsel would be required to field and respond to incoming calls, monitor and respond to electronic communications and other correspondence from the proposed customers to be served.  All without any reliable sources as to the due diligence conducted to justify providing notice to those 86,000 former customers.

## CONCLUSION

Because the Trustee's proposed service on 86,000 former customers is unsupported by any reliable sources and lacks support to justify the detrimental and significant impact on the estate and its creditors, the Debtor believes that the Trustee's proposed noticing procedures cannot be approved and therefore the Notice Procedures Motion must be denied.

**WHEREFORE,** Student Aid Center, Inc. respectfully requests that the Court enter an Order (i) sustaining this Objection; (ii) denying the Notice Procedures Motion; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: May 23, 2016

Respectfully submitted,

**SALAZAR JACKSON, LLP**
*Counsel for Debtor, Student Aid Center, Inc.*
2000 Ponce De Leon Boulevard
Penthouse
Coral Gables, FL 33134
Telephone: (305) 374-4848
Facsimile:  (305) 397-1021
Email:  Salazar@SalazarJackson.com

By:              /s/  Luis Salazar
                Luis Salazar
                Florida Bar No. 147788

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 23, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day via transmission of Notices of Electronic Filing generated by CM/ECF on those parties who are registered to receive notices electronically in this case.

/s/  Luis Salazar
Luis Salazar

## SERVICE LIST

**Electronic Mail Notice List**

Ashley J Dillman Bruce on behalf of Trustee Maria Yip
adbruce@bergersingerman.com,
efile@bergersingerman.com;jescobar@bergersingerman.com;efile@ecf.inforuptcy.com

Michael A Friedman on behalf of Creditor ACH Solutions, Inc.
mfriedman@gjb-law.com, gjbecf@gjb-law.com

Isaac M Marcushamer, Esq. on behalf of Trustee Maria Yip
imarcushamer@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Steven H Meyer, Esq on behalf of Creditor KT 2500, LLC
stevenm820@aol.com, ross.barna@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Luis Salazar, Esq. on behalf of Debtor Student Aid Center, Inc.
salazar@salazarjackson.com, jackson@salazarjackson.com;
cloyd@salazarjackson.com;aguilar@salazarjackson.com;davila@salazarjackson.com;lee-sin@salazarjackson.com

Luis Salazar, Esq. on behalf of Interested Party Damien Alvarez
salazar@salazarjackson.com, jackson@salazarjackson.com;
cloyd@salazarjackson.com;aguilar@salazarjackson.com;davila@salazarjackson.com;lee-sin@salazarjackson.com

Luis Salazar, Esq. on behalf of Interested Party Michael Ibar
salazar@salazarjackson.com, jackson@salazarjackson.com;
cloyd@salazarjackson.com;aguilar@salazarjackson.com;davila@salazarjackson.com;lee-sin@salazarjackson.com

Luis Salazar, Esq. on behalf of Interested Party Ramiro Fernandez-Moris
salazar@salazarjackson.com, jackson@salazarjackson.com;
cloyd@salazarjackson.com;aguilar@salazarjackson.com;davila@salazarjackson.com;lee-sin@salazarjackson.com

Maria Yip
trustee@yipcpa.com, myip@ecf.epiqsystems.com



Salazar Jackson, LLP                                    www.SalazarJackson.com

# EXHIBIT "A"

Student Aid Center

Student Loan Consolidation Application

Date:_____

| Last Name: | First Name: | | Middle Initial: |
|---|---|---|---|
| SS#: | D.O.B. | | |
| Street Address: | City: | State: | Zip: |
| Telephone: | Cell Phone: | | |
| Email: | Annual Income: | | |
| Employer: | Position: | | |
| Drivers License Number: | State Issued: | | |
| Dependants: | Married: | | |
| FSA ID Username: | Password: | | |

If applicable please complete below:

| Taxes Filed Joint: | Spouse Income: |
|---|---|
| Spouse Student Loan Amount:   $ | |

Initials_____   _____

2500 NW 79ᵗʰ AVE, Suite 100, Miami , FL 33122 (P) 855-997-8833 (F) 888-370-4589

Student AidCenter

## Student Loans To Consolidate

| Loan Type | Servicer | Balance |
|---|---|---|
| FEDERAL STUDENT LOANS | N/A | $ |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| TOTAL STUDENT LOAN DEBT | | $ |

Initials_____  _____


Student Aid Center

## STUDENT LOAN SERVICE AGREEMENT

THIS AGREEMENT is dated on the date shown below by & between Student Aid Center (hereinafter referred to as the "SAC"), and the borrower/debtor (hereinafter referred to as the "Customer") whose signature appears below.

The Customer hereby engages SAC for the following services: a) to conduct a financial analysis of the Customer's current financial circumstances b) To discuss with the Customer the various options that may be available to the Customer regarding their outstanding student loan(s), c) to assist the Customer in preparing all the paperwork necessary to enroll and/or apply for a loan consolidation or repayment program that benefits the Customer d) Once applied, make calls, follow up and continue submitting any and all paperwork necessary to garner approval for the Customer.

WHEREAS, The Customer and SAC do hereby agree to the following terms and covenants:

The Customer must at all times, promptly provide SAC with any requested information and or documentation in a prompt, complete and accurate manner in order for SAC to be able to adequately assist the Customer in this process.

Process: Upon receipt and review of this agreement signed from the Customer and payment for the services provided herein, SAC shall promptly contact the Customer's existing servicer(s) and request forbearance or deferment of the Customer's current Student Loan Payment(s) during the processing of their application. The Customer understands that SAC cannot be held liable if the Customer's current servicer denies this request for any reason. Once all requested paperwork has been received from Customer the processing of the consolidation will begin. Please be advised that the Federal Student Loan Consolidation process also relies on the lender(s) for prompt service and SAC cannot be held liable for delayed completion due to impediment caused by the Customer's existing lender(s)/servicer(s) or the Customer. Average completion of a Federal Student Loan Consolidation can be approximately 120 days however the parties understand that this may vary.

Initials_____    ____

Student Aid Center

Warranties This Agreement is the entire agreement between the parties and may not be orally modified. SAC makes no warranty, express or implied, as to the fitness of any recommendation it or any agent/employee may make to Customer arising out of this Agreement. By virtue of Customer's signature below, the Customer acknowledges that he/she has read, understands and agrees to be bound by every term of this Agreement and that he/she has received a true and complete copy on the date below. If any part of this Agreement is determined to be invalid or unenforceable, all other provisions will remain in full force and effect. The parties agree that a photocopy/facsimile of this Agreement and any electronic signature involved shall be just as valid and enforceable as the original. In the event of any dispute between the parties over this Agreement, the parties irrevocably agree to submit to binding mediation/arbitration to amicably resolve their differences with each party to pay one half of the mediator/arbitration fees. No party shall be entitled to any attorney fees or jury trial.

*The customer agrees that Student Aid Center is not a law firm.
*Student Aid Center is not affiliated with the Federal Government in any way.

BY SIGNING BELOW, YOU HEREBY ACKNOWLEDGE THAT YOU HAVE NOT BEEN ADVISED BY SAC OR ANY OF ITS AGENTS OR AFFILIATES TO FOREGO ANY STUDENT LOAN PAYMENT DURING THIS PROCESS. YOU ARE SOLELY RESPONSIBLE FOR MAKING YOUR LOAN PAYMENTS, AND FAILURE TO DO SO COULD DISQUALIFY YOU FROM OBTAINING THE SERVICE THAT WAS AGREED UPON. YOU, THE UNDERSIGNED CUSTOMER, HAVE HAD SACS SERVICES EXPLAINED TO YOU IN FULL TO YOUR COMPLETE SATISFACTION. YOU UNDERSTAND THAT SAC IS NOT A LAW FIRM AND CANNOT PROVIDE YOU WITH LEGAL ADVICE. YOU ALSO UNDERSTAND THAT SAC IS NOT A GOVERNMENT AGENCY, SERVICER OR LENDER. YOU ARE FULLY AWARE AND UNDERSTAND THAT YOU ARE HIRING SAC TO HELP YOU OBTAIN A STUDENT LOAN CONSOLIDATION.

100% MONEY BACK GUARANTEE at any time after this agreement is signed but before the work is completed the Customer may cancel without reason and is entitled to 100% refund of any monies paid to SAC. This cancelation must be done by contacting the Student Aid Center Customer service department at (855) 449-9338.

Executed in on: _____

Customer Signature: _____

Printed Name of Customer: _____

Driver's License Number:_____D.O.B:_____SS#: _____

Address:_____

Home #:_____Cell #: _____

Signature of Authorized Company Representative:

_____
_____

2500 NW 79th AVE. Suite 190, Miami, FL 33122 [P] 855-997-8883 [F] 888-370-4589



# Certificate of Guarantee

Student Aid Center

## Awarded to                    Date

**Only contact 855-449-9338 at anytime with the guarantee number below to recieve a full refund.**

## By Student Aid Center

## Signature _____



100% MONEY-BACK GUARANTEE

MONEY-BACK GUARANTEE

## Guarantee Number


Student AidCenter

# Binding Authorization and Release

To: Any and all of my Student Loan Creditors:

I, hereby duly authorize, empower and appoint Student Aid Center, Inc., its agents and representatives to perform any acts necessary, limited to my Federal Student Loans as follows:

1. To communicate with any and all of my Federal Student Loan providers to consolidate, restructure, refinance or enter into any forbearance agreement regarding my Student Loans. I agree that Student Aid Center Inc., has my authorization to create an online login and/ or email for my servicer(s) and or the Department of Education may it be necessary.

2. To communicate with banks, creditors, financial institutions, licensed collection agencies, and all other related entities and individuals relating to my Federal Student Loans.

3. I hereby authorize third party communication from banks, creditors, financial institutions, licensed collection agencies, and all other related entities and individuals relating to my Federal Student Loans to communicate directly with Student Aid Center, Inc. concerning my account or the collection activities associated with it, in accordance with Section 805(b) of the Fair Debt Collection Practices Act. I further request that all of my lenders direct all further telephone calls to: 855-997-8833 and correspondence directly to: Student Aid Center, Inc at: 2500 NW 79th Ave, Ste. 190, Doral, FL 33122. Any and all communications directed to me will be referred to Student Aid Center, Inc., and only Student Aid Center, Inc. will be authorized to deal with your company and/ or its' representatives.

4. I agree that an electronic or facsimile copy of my signature shall be deemed and treated as an original and is an authorization by me for all lawfully enforceable purposes.

This Binding Authorization and Release will not be affected by any disability on my part, but shall remain in full force until expressly modified, cancelled or rescinded in writing, signed by me, or upon resolution of the current matter.

Executed in on: _____

Applicant Signature: _____

D.O.B_____

Printed Name: _____

SS# _____

2500 NW 79th AVE Suite 190, Miami, FL 33122 (P) 855-997-8833 (F) 888-370-4599
www.studentaidcenter.org

**nelnet**
Student Loan Servicing
& Processing

Release of Authorization Form

Name _____    Account Number*: _____
Address: _____
City, State ZIP: _____    *If you don't have your account number, please provide your
Phone number: _____    Social Security Number: _____
Alternate phone number: _____
E-mail address: _____

Thank you for your recent request to release your student loan account information to a third party. In order for Nelnet to release account information, we must receive your written permission to do so. Please complete the information below and mail or fax to:

Nelnet
P.O. Box 82561
Lincoln, NE 68501-2561
Fax 1.877.402.5816

Completed forms may also be scanned and sent via e-mail to nelnetcustomersolutions@nelnet.net.

---

### Release of Authorization

I authorize Nelnet to release any information related to my student loan account to

**Student Aid Center**

Individual or agency name (please print)

I understand that I may, at any time, withdraw this directive as long as I do so in writing.

X  I expressly authorize Nelnet and its representatives and related companies to contact me about my account at any phone number associated with me, including cellular and wireless phones, and to contact me using automatic dialing systems, artificial or prerecorded messages, text messages, or e-mail.

_____    _____
Customer's signature    Date

---

If you need additional information or wish to explore Nelnet's many education planning and financing resources, please visit our Web site at www.nelnet.com or call us toll-free at 1.888.486.4722. We're here to help you reach your goals.

Sincerely,

Nelnet

○ ○ ○ ○ ○    P.O. Box 82561  |  Lincoln, NE 68501  |  p 1.888.486.4722  |  f 1.877.402.5816  |  www.nelnet.com



**fedloan** SERVICING

AUTHORIZATION FOR RELEASE OF INFORMATION

Records Code: BF18D - XBCR
Form Code: F3 - TPRM
Version Date: 03/01/16

**PERM**

Complete this application and return it to FedLoan Servicing to allow the person(s) stated below to have access to all data contained in your FedLoan Servicing-administered loan record for the purposes of assisting you in resolving FedLoan Servicing related issues.

**SECTION 1: BORROWER IDENTIFICATION**

Name _____    Account Number _____

**SECTION 2: THIRD PARTY IDENTIFICATION**

**PARTY 1:**

Name  Student Aid Center    Relationship  Representative

Street Address  7392 NW 35th Terrace, suite 309

City  Miami    State  FL    Zip Code  33122

Telephone:  (855)  997-8833

**PARTY 2:**

Name _____    Relationship _____

Street Address _____

City _____    State _____    Zip Code _____

Telephone  (      ) _____

**SECTION 3: BORROWER AUTHORIZATION / SIGNATURE**

I hereby authorize FedLoan Servicing to release information about my account, including personally identifying information and my relationship with FedLoan Servicing to the individual(s) listed above. I understand and agree that by authorizing FedLoan Servicing to release any and all information to the individual(s) named and listed above, I assume full responsibility for the named individual(s) having access to any information maintained by FedLoan Servicing relating to me. It is my responsibility and not that of FedLoan Servicing to revoke my authorization(s) if at any time I no longer wish to authorize FedLoan Servicing to release information about me to the individual(s) designated above. I acknowledge that this authorization allows the named individual(s) to obtain any/all data / information contained in my FedLoan Servicing-administered student aid record. I hereby expressly agree that FedLoan Servicing shall not be responsible for any damages in any form so arising that I may incur related to my authorization(s) of FedLoan Servicing to release information to the individual(s) listed above. Completion of this form also provides permission to accept information concerning changes to my address and/or telephone number from the individual(s) listed above. This authorization does not apply to the release of information about me through FedLoan Servicing's website and online functionality. This authorization does not release me from my obligation to make payments on my loan(s).

X _____                _____
Borrower's Signature                                Date

Return Completed Form To:
FedLoan Servicing   •   P.O. Box 69184   •   Harrisburg PA 17106-9184
Fax: 717-720-1628

Payment Authorization Form

I _____ authorize Student Aid Center to charge my account as indicated below on or after each payment date:

| _____ on _____ | | _____ on _____ | |
| (amount) | (date) | (amount) | (date) |
| _____ on _____ | | _____ on _____ | |
| (amount) | (date) | (amount) | (date) |
| _____ on _____ | | _____ on _____ | |
| (amount) | (date) | (amount) | (date) |

This total of the payments listed above represents payment in full to the Student Aid Center for their services as specified in the attached Student Loan Service Agreement. These funds are not being applied towards the Client's Student Loans

After the last payment above has been made, _____ will begin making the new

approximate prequalified consolidated payment of $_____ over the term of_____ months under

the following program._____

and may qualify for loan forgiveness after : _____

These terms are only a good faith estimate and the final terms and approval will be issued by the lender.

Account Type: _____

Name on Card or Bank Account        _____

Credit Card or Bank Account Number   _____

If Paying By Check Please Provide The Following: Routing Number _____

If Paying By Credit Card Please Provide The Following: Expiration Date _____

CVV2 (3 digit number on back of Visa/MC) _____

Billing Address: _____
Phone#: _____

SIGNATURE_____        DATE _____

I authorize the above named business to charge the credit or bank account indicated in this authorization form, according to the terms outlined above. This payment authorization is for the services described above, for the amount indicated above only on or after the date(s) specified above. I certify that I am an authorized user of this credit card and that I will not dispute the payment with my credit card company. I further understand that should my payment be declined or my check bounce SAC will attempt to re-run my payment for up to a week after the decline date and additional fee of $15.00 per incident will be added to my balance and I authorize the collection of this amount

ACH DIRECT PAYMENTS

I (WE) HEREBY AUTHORIZE _A T Financial Services LLC_ (COMPANY), TO INITIATE DEBIT ENTRIES TO MY (OUR)_____,_ CHECKING ACCOUNT / SAVINGS ACCOUNT (SELECT ONE) INDICATED BELOW AT THE DEPOSITORY FINANCIAL INSTITUTION NAMED BELOW, HEREAFTER CALLED DEPOSITORY, AND TO DEBIT THE SAME TO SUCH ACCOUNT. I (WE) ACKNOWLEDGE THAT THE ORIGINATION OF SUCH ACH TRANSACTIONS TO MY (OUR) ACCOUNT MUST COMPLY WITH THE PROVISIONS OF U.S. LAW

DEPOSITORY NAME _____

BRANCH _____        CITY: _____

MAIN BANK ADDRESS _____

CITY _____        STATE _____ ZIP _____

ROUTING NUMBER _____

ACCOUNT NUMBER _____

THIS AUTHORIZATION IS TO REMAIN IN FULL FORCE AND EFFECT UNTIL COMPANY HAS RECEIVED WRITTEN NOTIFICATION FROM ME (OR EITHER OF US) OF ITS TERMINATION IN SUCH TIME AND IN SUCH MANNER AS TO AFFORD COMPANY AND DEPOSITORY A REASONABLE OPPORTUNITY TO ACT ON IT.

PRINT NAME _____

AUTHORIZED SIGNATURE _____

PRINT NAME _____

AUTHORIZED SIGNATURE _____

DATE _____ LOCATION _____ UNIT # _____

PLEASE SUBMIT A COPY OF YOUR VOIDED CHECK (NOT NECESSARY IF ROUTING AND ACCOUNT NUMBER ARE FILLED IN ABOVE)

2500 NW 79TH AVE. Suite 190, Miami, FL 33122 (P) 855-997-8833 (F) 888-370-
4588 www.studentaidcenter.org