

**ORDERED in the Southern District of Florida on June 6, 2016.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF FLORIDA

Miami Division

Student Aid Center, Inc.                              CASE NO. 16-11759-BKC-LMI

Debtor(s).

_____/    Chapter 7

### ORDER SPECIALLY SETTING EVIDENTIARY HEARING

The Court having determined that it is appropriate to set the *Trustee's Motion for Order to Show Cause Why Electronic Payment Systems and Velocity Processing, LLC should not be held in Contempt (DE #50)* for an evidentiary hearing and to schedule deadlines in order to expedite and facilitate such hearing upon this matter, it is hereby,

**ORDERED AND ADJUDGED** as follows:

1.    The *Trustee's Motion for Order to Show Cause Why Electronic Payment Systems and Velocity Processing, LLC should not be held in Contempt (DE #50)* has

been scheduled for Final Evidentiary Hearing on <u>July 28, 2016</u> at <u>3:00</u> p.m. at the C. Clyde Atkins Building, United States Bankruptcy Court, 301 North Miami Avenue, Courtroom 8, Miami, Florida.  *No continuances will be granted for any reason on this matter absent extraordinary, unforeseen circumstances.*  One hour has been set aside for the hearing.  If you need more time you must immediately contact the Courtroom Deputy, Noemi Sanabria, (305) 714-1877, to make appropriate arrangements.

2.    All discovery shall be completed no later than seven (7) business days prior to the hearing.  All expert reports should be exchanged no later than the conclusion of discovery, unless the parties agree otherwise.

3.    The time for responding to interrogatories, requests for admission or requests for production is shortened to fourteen (14) days from service of the discovery.

4.    The parties shall meet and confer no later than seven (7) days prior to the hearing and prepare a written stipulation setting forth the following (a) undisputed facts; (b) disputed facts to be litigated; and (c) issues of law to be litigated.  The stipulation is to be signed by the attorneys for all parties, or if a party is self-represented, by the self-represented party.  Upon motion, in the case where a party is self-represented, the requirements of this paragraph may be excused.

5.    On or before noon two (2) business days prior to the hearing each side shall file, and submit to chambers by e-mail at LMI_chambers@flsb.uscourts.gov and opposing counsel by fax or e-mail, the following:

(a)    An exhibit register **CONFORMING TO LOCAL FORM 49** showing the exhibits, including deposition transcripts, intended to be offered as evidence at the hearing. Movants and/or Plaintiffs shall mark their exhibits numerically.  Respondents and/or Defendants shall mark their exhibits alphabetically;

(b)    A witness list that includes a brief statement summarizing the testimony each witness is expected to present;

(c)    Any written opening statement the party wishes the Court to read before the hearing begins.  Oral opening statements will normally not be permitted.

6.    On or before noon two (2) business days prior to the hearing each side shall deliver to the opposing party (but not deliver to chambers or file) a set of pre-marked exhibits intended to be offered as evidence at the evidentiary hearing.  The exhibits shall be bound in one or more notebooks contained in one or more folders, with tabs marking each exhibit, and shall be accompanied by an exhibit register conforming to Local Form 49.  Absent extraordinary circumstances, the Court will not consider exhibits or the testimony of any witnesses not listed on a timely witness list or Exhibit Register.

7.    Parties shall, in addition to the original exhibit binder for the Court, also bring an exhibit binder for the law clerk and one exhibit binder for the witness box.  The parties are encouraged to bring a copy of exhibits on a searchable hard drive which hard drive should be delivered to the Court at least one full business day prior to the hearing.

8.    Objections to the use of deposition transcripts or admissibility of exhibits shall be made prior to commencement of the hearing.

9.    At the conclusion of the hearing the Court, in lieu of final argument, may request that each party submit a proposed Memorandum Opinion incorporating findings of fact and conclusions of law in hard copy to chambers.

10.    ALL REQUIRED DOCUMENTS MUST BE FILED AND EXCHANGED IN ACCORDANCE WITH THE DEADLINES SET FORTH IN THIS ORDER UNLESS PRIOR TO THE DEADLINE THE PARTIES HAVE UPLOADED AN AGREED ORDER RESOLVING THE MATTER AND HAVE NOTIFIED THE COURTROOM DEPUTY THAT

THE MATTER IS SETTLED.   IF AN AGREED ORDER IS NOT DELIVERED, ALL COUNSEL SHOULD BE PREPARED TO GO FORWARD WITH THIS HEARING.

# # #

Copies furnished to:

Isaac M Marcushamer, Esq.


Attorney Marcushamer shall serve a conformed copy of this order upon all interested parties and shall file a Certificate of Service of same with the Clerk of the court.

(Rev. 11/2015)